UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RACHAEL R.,[1]

                                                Plaintiff,                Case # 20-CV-1639-FPG

v.                                                                           DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,
                                           Defendant.
_____

## INTRODUCTION

In January 2018, Plaintiff Rachael R. protectively filed an application for Disability Insurance Benefits under Title II of the Social Security Act (the "Act"), alleging disability beginning on June 21, 2017, due to multiple physical and mental impairments. Tr.[2] 141-42. The Social Security Administration ("SSA") denied her claim, Tr. 65-66, and Plaintiff filed a timely request for a hearing.

Plaintiff appeared and testified at a hearing before Administrative Law Judge Susan Smith (the "ALJ") on January 31, 2020. Tr. 28-48. The ALJ issued an unfavorable decision on April 14, 2020. Tr. 12-23. Plaintiff appealed to the Appeals Council, which denied Plaintiff's request for review, making the ALJ's decision the final decision of the SSA. Tr. 1-6. Plaintiff then appealed to this Court.[3] ECF No. 1.

The parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 10, 11. Plaintiff replied. ECF No. 12. For the reasons that follow,

---

[1] In accordance with this Court's November 18, 2020 Standing Order regarding the identification of non-government parties in social security decisions, available at https://www.nywd.uscourts.gov/standing-orders-and-district-plans, this Decision and Order will identify Plaintiff using only Plaintiff's first name and last initial.

[2] "Tr." refers to the administrative record in this matter. ECF No. 9.

[3] The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

1

Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED for further proceedings.

## LEGAL STANDARD

### I.     District Court Review

When it reviews a final decision of the SSA, it is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the Court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)) (other citation omitted). The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

### II.    Disability Determination

To determine whether a claimant is disabled within the meaning of the Act, an ALJ follows a five-step sequential evaluation: the ALJ must determine (1) whether the claimant is engaged in substantial gainful work activity; (2) whether the claimant has any "severe" impairments that significantly restrict his or her ability to work; (3) whether the claimant's impairments meet or medically equal the criteria of any listed impairments in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and if they do not, what the claimant's residual functional capacity ("RFC") is; (4) whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work; and (5) whether the claimant's RFC permits him or her to perform alternative substantial gainful work which exists in the national economy in light of his or her age, education,

and work experience. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *see also* 20 C.F.R. § 416.920.

## DISCUSSION

### I.     The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits using the process described above. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 21, 2017, the alleged onset date. Tr. 17. At step two, the ALJ concluded that Plaintiff had the following severe impairments: degenerative disc disease and left shoulder arthritis. Tr. 17-18.

At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any Listings impairment. Tr. 18. Next, the ALJ determined that Plaintiff retained the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b),[4] except that, *inter alia*, she could occasionally climb stairs and ramps, stoop, kneel, balance, crouch, and crawl, but could never climb ladders, ropes, or scaffolds. Tr. 18-22.

At step four, the ALJ found that Plaintiff was capable of performing past relevant work as a telephone sales representative and therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 22-23.

### II.    Analysis

Plaintiff argues that (1) the ALJ impermissibly substituted her own lay opinion for that of a medical professional and (2) the ALJ failed to explain how she arrived at the specific RFC finding. ECF No. 10-1. The Court agrees.

---

[4] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities." 20 C.F.R. § 404.1567(b).

In the RFC, the ALJ concluded that Plaintiff was capable of "light work," which includes lifting no more than 20 pounds, with frequent lifting or carrying of objects weighing up to 10 pounds. Tr. 18; *see* 20 C.F.R. § 404.1567(b). This conclusion does not appear to be based on any medical opinion and is unsupported by the record.

The ALJ appears to have rejected all of the medical opinions in the record. Mikhail Strut, M.D., Plaintiff's treating physician, opined that Plaintiff could lift and carry no more than ten pounds occasionally and five pounds frequently, should avoid prolonged sitting and standing, refrain from bending, twisting, and lifting, and work only simple jobs with little or no stress. Tr. 857-58. Consultative evaluator Nikita Dave, M.D., opined that Plaintiff had "[m]oderate limitations for repetitive reaching overhead, lifting, carrying, pushing, or pulling of heavy objects." Tr. 547. Dr. Dave did not opine on Plaintiff's lumbar spine limitations because Plaintiff was under surgical restrictions at the time of the examination. Tr. 546.

The ALJ rejected these opinions because they were "rebutted by the record as a whole," Tr. 21, and there was a "significant disparity" between the surgical treating sources and the claimant's pain management or rehabilitation sources as to the success of Plaintiff's surgeries, Tr. 22. But the ALJ did not explain how, in contrast to these medical opinions, she found that Plaintiff was capable of lifting 20 pounds occasionally and 10 pounds frequently.

"Without some explanation from [the ALJ] to the tether between her RFC and the . . . medical opinions or statements from plaintiff, the RFC appears to be based upon her lay analysis of plaintiff's limitations, which is not permitted and requires remand." *Jordan v. Berryhill*, No. 1:17-CV-00509(JJM), 2018 WL 5993366, at *3 (W.D.N.Y. Nov. 15, 2018); *see Silkowski v. Comm'r*, No. 18-CV-6727, 2020 WL 1493951, at *6 (W.D.N.Y. Mar. 27, 2020) (where doctor opined that the plaintiff required "frequent opportunities to alternate between sitting, standing and

4

walking," the ALJ erred in assessing an RFC requiring the plaintiff to change position every 60 minutes for up to five minutes without leaving the workstation, because the ALJ "provided no . . . tether between 'frequent' and 'every 60 minutes for up to 5 minutes.'" (quoting another source)). This is especially true where, as here, the ALJ discounted all of the opinions in the record.

To be sure, an ALJ is free to choose between properly submitted medical opinions, but she may not substitute her own lay opinion for those of medical experts. *Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998). The "light work" portion of the RFC here was not tethered to any particular medical opinion evidence and the ALJ gave diminished weight to all of the opinions she addressed. Because the ALJ here did not give controlling or substantial weight to any opinion that supported the RFC, it is unclear precisely where the limitations set forth in the RFC came from and why they did not go further. *See Garcia Medina v. Comm'r of Soc. Sec.*, No. 17-CV-6793-JWF, 2019 WL 1230081, at *2 (W.D.N.Y. Mar. 15, 2019).

Frankly, the ALJ does not discuss any records that support her conclusion that Plaintiff could lift 20 pounds occasionally and 10 pounds frequently.[5] The ALJ points to treatment records from several doctors in apparent support of her RFC. For example, the ALJ indicates that Plaintiff's lumbar spine surgeon Zair Fishkin, M.D., observed that Plaintiff had "normal strength, sensation, reflexes, and straight-leg raise testing" and "walked with no assistive device." Tr. 20. But Dr. Fishkin also reported that Plaintiff's pain was worse and that she declined to participate in range of motion testing due to her pain. Tr. 809-10. The ALJ also cites reports from Graham Huckell, M.D., another of Plaintiff's surgeons, who noted that Plaintiff's "strength and tone were normal." Tr. 20; Tr. 556-59. Similarly, the ALJ points to a report from David Holmes, M.D., who

---

[5] State agency medical consultant D. Brauer, M.D. opined that Plaintiff could perform light work but with occasional postural limitations. Tr. 60-62. Notably, however, the ALJ does not discuss or reference this opinion in formulating the RFC, so it is unclear whether she credited it and, if so, why.

again indicated "normal strength, tone, sensation, and gait," Tr. 21, and Lorriane Avino, D.O., who indicated that Plaintiff could exercise[6] and had no deficits in "strength, tone, sensation, or gait," Tr. 21.  Finally, the ALJ cites a report from pulmonologist Mohammad Khan, M.D.,[7] for its absence of any mention of musculoskeletal abnormalities.  Tr. 21.

These records simply indicate that Plaintiff was stable, could walk, and had "normal" strength; they do not translate into Plaintiff's ability to lift 20 pounds occasionally and 10 pounds regularly.  Importantly, "normal" strength is not defined anywhere in these records; certainly "normal" could mean that Plaintiff could lift 20 pounds occasionally, but it could equally mean that Plaintiff could only lift 10 pounds occasionally.  In other words, these records do not support the ALJ's selection of "light work" over "sedentary work," as specifically recommended by Plaintiff's treating doctor.  Moreover, although the cited records do indicate that Plaintiff had "normal strength"—whatever that means—they are also replete with references to Plaintiff's ongoing pain, which is especially exacerbated with activity.  *See* Tr. 556 (Plaintiff reports to Dr. Huckell that "pain is made worse with lifting, exercise, movement of the shoulder"); Tr. 809-10 (Plaintiff reports to Dr. Fishkin that her pain is "constant" and "increases with activity"); Tr. 840 (Plaintiff reports to Dr. Avino that "she continues to have back pain" as a result of disc bulging, as evidenced on MRI); *see also* Tr. 800-06 (report from Dr. Khan regarding Plaintiff's shortness of breath).

---

[6] The providers do not describe what type of "exercise" Plaintiff does.  *See* Tr. 821 (Plaintiff reports to Dr. Holmes that she can exercise).  Some exercises may require Plaintiff to perform lifting-like movements but others may not.  In other words, that Plaintiff can "exercise" does not necessarily support the ALJ's conclusion that Plaintiff could lift 20 pounds occasionally and 10 pounds regularly.

[7] It is unclear to the Court how the absence of evidence of musculoskeletal limitations in a report from a physician who does not treat musculoskeletal disorders serves to establish that Plaintiff does not have a particular musculoskeletal limitation.

Because the ALJ failed to adequately explain the basis for her "light work" RFC, the Court is left with no ability to meaningfully review the decision and remand is required. *See Perkins v. Berryhill*, No. 17-CV-6327, 2018 WL 3372964, at *4 (W.D.N.Y. 2018) ("Without reliance on a medical source's opinion or a function-by-function assessment connecting the medical evidence to the RFC, the ALJ's decision leaves the Court with many unanswered questions and does not afford an adequate basis for meaningful judicial review.").

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings, ECF No. 10, is GRANTED, the Commissioner's motion for judgment on the pleading, ECF No. 11, is DENIED, and the matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court shall enter judgment and close this case.

IT IS SO ORDERED.

Dated: September 12, 2022
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York