UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RACHAEL R.,

                                    Plaintiff,                          Case # 20-CV-1639-FPG

v.                                                                          DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                    Defendant.
_____

## INTRODUCTION

Plaintiff Rachael R. brought this appeal of the Social Security Administration's ("SSA") decision to deny her disability benefits. ECF No. 1. On September 12, 2022, the Court granted Plaintiff's motion for judgment on the pleadings and remanded the case for further proceedings. ECF No. 14. The Court entered a Stipulation and Order awarding Plaintiff's attorney, Kenneth Hiller, $5,682.06 in fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF No. 17. Plaintiff's counsel only received $1,936.58 of those fees due to the Treasury Offset Program. *See* ECF No. 19-17.

Thereafter, the SSA issued a Notice of Award granting Plaintiff benefits. Plaintiff now moves for $24,912.25 in attorney's fees under 42 U.S.C. § 406(b). ECF No. 19.

For the reasons that follow, Plaintiff's motion is GRANTED, counsel is awarded $24,912.25 in fees, and counsel shall remit the $1,936.58 in EAJA fees to Plaintiff.

## DISCUSSION

The Social Security Act provides that

> [w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

1

42 U.S.C. § 406(b)(1)(A).

Within the 25% boundary, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Abbey v. Berryhill*, No. 6:17-CV-06430-MAT, 2019 WL 336572, at *2 (W.D.N.Y. Jan. 28, 2019) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002)). The statute also requires "court review of [contingent fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.*

After a court confirms that the fee is within the 25% statutory boundary, it analyzes three factors to determine if the resulting fee is reasonable. Those factors are: (1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved"; (2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his fee; and (3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor. *Id.* (citation omitted).

The Court has reviewed each factor to assure that the requested fee is reasonable. As an initial matter, counsel's request for $24,912.25 in fees represents less than 25% of the award and does not exceed the statutory cap. *See* ECF No. 19-2 at 3.

As to the first factor, the Court finds that the requested fee is in line with the character of the representation and the results it achieved, because counsel filed a motion for judgment on the pleadings with non-boilerplate arguments and obtained a remand, which ultimately led to a favorable decision awarding Plaintiff benefits. *See* ECF Nos. 10, 14, 19-7. As to the second factor, there is no evidence that counsel unreasonably delayed the proceedings in an attempt to inflate past due benefits and the potential fee award.

As to the third factor, *i.e.*, whether the fee award constitutes a windfall to the attorney, courts often examine the lodestar figure to help them make this determination. *See Abbey*, 2019 WL 336572, at *2; *see generally Fields v. Kijakazi*, 24 F.4th 845 (2d Cir. 2022). Here, counsel spent 26 hours in connection with the appeal to this Court. ECF No. 19-9 at 1-2. Dividing the $24,912.25 fee requested by 26 hours yields an hourly rate of $958.16. This Court has found higher rates reasonable where, as here, counsel developed meritorious, non-boilerplate arguments on the claimant's behalf. *McDonald v. Comm'r of Soc. Sec.*, No. 16-CV-926, 2019 WL 1375084, at *2 (W.D.N.Y. Mar. 27, 2019) (awarding fees with effective hourly rate of $1,051.64); *see also Torres v. Colvin*, No. 11-CV-5309, 2014 WL 909765, at *4 (S.D.N.Y. Mar. 6, 2014) ("[A] substantial body of caselaw has awarded rates that approach, if they do not exceed, $1,000.00."); *Morrison v. Saul*, No. 16-CV-4168, 2019 WL 6915954, at *3 (S.D.N.Y. Dec. 19, 2019) (approving fees based on effective hourly rate of $935.52). Accordingly, based on all of the above, the Court concludes that the requested fee award is reasonable.

In reaching this conclusion, the Court has considered and taken into account a letter that Plaintiff—acting *pro se*—submitted to SSA challenging her counsel's fee request. *See* ECF No. 23-1. In the letter, Plaintiff states that (1) counsel failed to notify her on a regular basis about her case; (2) counsel exaggerated the fees to "take advantage of [her] backpay award"; (3) the fact that she received an EAJA award shows that her claim was meritorious and she should not have been compelled to obtain legal representation in the first place; (4) counsel received adequate compensation via the EAJA award; (5) counsel should only receive $10,400 (26 hours times a $400 hourly rate); (6) the ALJ originally denied the fee request; and (7) the fee is not a fair representation of the work performed. *See id.*

The Court does not find Plaintiff's arguments persuasive. That said, the Court readily understands Plaintiff's concerns. A fee arrangement in which an attorney receives a large percentage of a plaintiff's award may look unfair, especially where a calculation of the attorney's "hourly rate" would yield a much smaller fee. As Plaintiff points out, counsel's fee, calculated from a reasonable hourly rate, would be less than half of what counsel will receive under the contingency fee arrangement—$10,400 instead of $24,912.25.

Nevertheless, the Supreme Court has said that contingency fee arrangements are "presumptively reasonable," *Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002), in part because of the risk of nonpayment, *see Fields v. Kijakazi*, 24 F.4th 845, 855-56 (2d Cir. 2022) ("Lawyers who operate on contingency—even the very best ones—lose a significant number of their cases and receive no compensation when they do. In the absence of a fixed-fee agreement, payment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk." (internal quotation marks omitted)). Moreover, to ensure that claimants like Plaintiff "can find an attorney sufficiently committed and skilled to litigate successfully against the government," reasonable contingency fee agreements "provide[] a critical incentive" to attorneys to take these kinds of cases. *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990). In short, while the Court understands Plaintiff's concerns about the fee award, the Court finds it reasonable. Plaintiff is receiving over $100,000 in past-due benefits, along with future benefits, because of her counsel's work; it is not unreasonable to require Plaintiff to keep her side of the bargain and grant payment of the contingency fee from her past-due benefits.

Finally, the Court clarifies for Plaintiff that she is mistaken in her belief that counsel received "roughly $5000" in EAJA fees. ECF No. 23-1 at 2. Most of those fees were applied to taxes that Plaintiff owed to the New York State Department of Taxation & Finance; counsel only

4

received $1,936.58 from the EAJA award.  *See* ECF No. 19-17.  In any case, because the Court directs counsel to refund the EAJA fees to Plaintiff, such an award is immaterial to the Court's decision.

## CONCLUSION

Plaintiff's motion for attorney's fees under § 406(b) (ECF No. 19) is GRANTED and Plaintiff is awarded $24,912.25 in fees.  The Court directs the Commissioner to release those funds withheld from Plaintiff's benefits award.  After counsel receives the § 406(b) fee, counsel must remit the $1,936.58 EAJA fee to Plaintiff.  Plaintiff's counsel is also directed to send a copy of this order to Plaintiff.

IT IS SO ORDERED.

Dated: September 26, 2024
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York